IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PAULA WEBBER,<br>Individually and as Trustee of the<br>Miah Family Foundation Trust, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-16-2249 |
| STATE OF MARYLAND, et al., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Plaintiff Paula Webber, individually and as trustee of the Miah Family Foundation Trust, ("plaintiff" or "Webber") filed this action seeking to challenge a foreclosure action pending against her in the Circuit Court of Maryland for Anne Arundel County. She alleges several causes of action, including violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1681, *et seq.* (ECF No. 1.)[1]

Currently pending before the Court is defendant Wells Fargo Bank, N.A.'s Motion to Dismiss ("Defendant's Motion") (ECF No. 20). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, Defendant's Motion to Dismiss (ECF No. 20) is GRANTED, and this case is **DISMISSED WITH PREJUDICE**.

---

[1] The filing of this action followed this Court's Order remanding an earlier action filed against her, *Rosenberg, et al v. Webber*, RDB-15-3014 (ECF No. 33), to the Circuit Court of Maryland for Anne Arundel County.

## BACKGROUND

The facts giving rise to plaintiffs' Complaint and the pending Motion are set forth in this Court's Memorandum Opinion dated June 3, 2016 in *Rosenberg, et al v. Webber*, RDB-15-3014 (ECF No. 32) and are incorporated herein by reference.

In the instant case, plaintiff filed an emergency motion to stay the related state court proceedings on November 9, 2016. (ECF No. 7.) This motion was denied by Memorandum Order, as plaintiff failed to satisfy the standard for the issuance of a temporary restraining order.

Plaintiff voluntarily dismissed all other named defendants by a motion dated December 28, 2016. (ECF No. 43.) The Court granted plaintiff's voluntary dismissal on January 4, 2017. (ECF No. 44.) Wells Fargo Bank, N.A. is the sole remaining defendant in this case.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

While federal courts are obliged to liberally construe a *pro se* litigant's claims in applying the above analysis, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit has noted that "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990)

(quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)).

## ANALYSIS

### I.      Plaintiff's Claims are Barred as *Res Judicata*

*Res judicata*, like collateral estoppel, is an affirmative defense for which the defendant bears the burden of establishing.  *Theune v. U.S. Bank, N.A.*, 2013 WL 5934114, *3 (D. Md. Nov. 1, 2013) (citing *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)).  As the United States Court of Appeals for the Fourth Circuit has explained,

> It follows therefore, that a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense . . . .  But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense appear *on the face of the complaint*.

*Goodman*, 494 F.3d at 464 (internal citations omitted; emphasis in original).

*Res judicata*, also known as claim preclusion, "bars a party from relitigating a claim that was decided or could have been decided in an original suit," *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008), and "bars a cause of action adjudicated between the same parties or their privies in a prior case." *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997) (citation omitted).  To assert a defense of *res judicata*, a defendant must establish: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) and identity of parties or their privies in the two suits." *Id.*

The subject Complaint is one such "relatively rare circumstance[]" where facts sufficient to rule on an affirmative defense clearly appear on the face of the complaint.  The

gravamen of plaintiff's Complaint was considered and ultimately rejected by the Circuit Court for Anne Arundel County, Maryland in its Ratification Order.  A consideration of the affirmative defense of *res judicata* is thus proper at this stage.

The Ratification Order satisfies the elements of *res judicata* and further precludes Webber's Complaint in this case.  First, the parties are the same.  Webber was the named defendant in the Foreclosure Action.  Although Wells Fargo is not the plaintiff in the Foreclosure Action (it was a defendant in the Third-Party Complaint filed therein), Wells Fargo as the mortgage note holder and/or servicer is in privity with the foreclosure plaintiffs, the substitute trustees.  *See Jones v. HSBC Bank USA, N.A.*, 444 Fed. App'x. 640, 644 (4th Cir. 2011).  Second, both the Foreclosure Action and the Complaint relate to the same factual and legal circumstances: the validity of the Webber's mortgage and deed of trust.  And third, there is a final judgment because a "Circuit Court's ratification order is a final judgment on the merits of the foreclosure." *McCreary v. Benificial Mortg. Co. of Md.*, 2011 WL 4985437, at *3 (D. Md. Oct. 18, 2011).

The Complaint in this case is expressly "predicated by the events and acts of defendants resulting in an imminent threat of wrongful foreclosure."  (ECF No. 1 at ¶ 2.) The elements of *res judicata*, as set forth above, are satisfied.  Thus, Webber's Complaint attempts intrude upon the finality of the Circuit Court's Ratification Order and is therefore barred as *res judicata*.

## II.    Failure to State a Claim Under Rule 12(b)(6)

Even if plaintiff's claims were not barred as *res judicata*, plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

### A. Count I – Negligent Damage to Credit Rating, Credit Worthiness, Increased Tax Liability

The First Cause of Action for Negligent Damage to Credit Rating, etc., claims that the Defendant did not accurately credit Webber's mortgage payments. (ECF No. 1 at ¶¶ 36-37.) However, the First Cause of Action is devoid of material factual allegations, such as when Webber purportedly made any payments and how much each payment was. Consequently, the First Cause of Action fails to state a claim that is plausible on its face. *See Felder v. Buonassissi, Henning & Lash, PC*, 2013 WL 5550947, at *4 (D. Md. Oct. 4, 2013).

Count I of Plaintiff's Complaint must be **DISMISSED**.

### B. Count II – Declaratory Judgment

The Anti-Injunction Act, 22 U.S.C. § 2283, bars the Second Cause of Action. *See Tucker v. Specialized Loan Serv., LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015). The Anti-Injunction Act prohibits injunction claims in federal court related to ongoing state-court cases as well as declaratory judgment claims "'that would have the same effect as an injunction.'" *Id.* Here, the Second Cause of Action asks the Court to remove the Deeds of Trust from the Property, which would effectively enjoin the Foreclosure Action. Thus, the Anti-Injunction Act bars both causes of action. *See Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008); *Jean-Baptiste v. Saxon Mortgage Servs., Inc.*, 2015 WL 222123, at *2 (D. Md. Jan. 13, 2015).

Count II of Plaintiff's Complaint must be **DISMISSED**.

### C. Count III – Temporary Restraining Order and Preliminary Injunction

This Court previously denied plaintiff's Motion for Temporary Restraining Order by Memorandum Order dated November 9, 2016. (ECF No. 8.) The same analysis applies here, and plaintiff fails to state a claim under Count III of the Complaint.

Count III of Plaintiff's Complaint must be **DISMISSED**.

### D.  Count IV – Fraudulent Intentional Misrepresentation

The statute of limitations bars the Fourth Cause of Action because it is tied to alleged misrepresentations made in "March 2006." *See* Compl. at ¶ 76. Webber had three years from March 2006 to assert a claim for misrepresentation. *See* Md. Code, Cts. & Jud. Proc. Article § 5-101. Webber does not allege any basis for equitable tolling of limitations. Thus the Fourth Cause of Action is time barred by over six years.

Count IV of Plaintiff's Complaint must be **DISMISSED**.

### E.  Count V – Breach of Covenant of Good Faith and Fair Dealing

Count V for Breach of Good Faith and Fair Dealing fails to state a claim because no such cause of action exists under Maryland law. "[T]here is no independent cause of action at law in Maryland for breach of the implied covenant of good faith and fair dealing." *Mount Vernon Properties, LLC v. Branch Banking And Trust Co.*, 170 Md. App. 457, 471 (2006).

Count V of Plaintiff's Complaint must be **DISMISSED**.

### F.  Count VI – Quiet Title

As noted above, the Sixth Cause of Action is barred as *res judicata.* The Circuit Court for Anne Arundel County entered the Ratification Order on November 15, 2016 and granted the foreclosure sale purchaser a judgment of possession of the Property on

December 1, 2016, and a writ of possession on December 13, 2016. Title to the subject property now rests with the foreclosure purchaser or his assignees.

Count VI of Plaintiff's Complaint must be **DISMISSED**.

### G. Count VII – Accounting

The Seventh Cause of Action for Accounting is generally not an independent basis of liability. *See Clarke v. Dunn*, 2014 WL 4388344, at *10 (D. Md. Sept. 4, 2014) (quoting *Golub ex rel. Golub v. Cohen*, 138 Md. App. 508, 523 (2001)). Moreover, claims for accounting require a fiduciary relationship between the parties. *See Sparrow v. Bank of Am., N.A.*, 2014 WL 4388350, at *11 (D. Md. Sept. 4, 2014), *aff'd*, 600 Fed. App'x. 187 (4th Cir. 2015) (citing *Polek v. J.P. Morgan Chase Bank, N.A.*, 424 Md. 333 (2012)). This Court generally dismisses accounting claims brought by borrowers and against lenders because their relationship is contractual, and not fiduciary, in nature. *Id.* Here, the Deeds of Trust establish that Webber's relationship with Wells Fargo is contractual, thus precluding an accounting claim.

Count VII of Plaintiff's Complaint must be **DISMISSED**.

### H. Count VIII – Violation of the Fair Debt Collection Practices Act

Count VIII for Violation of the Fair Debt Collection Practices Act ("FDCPA") fails because such claims are not recognized against alleged creditors like Wells Fargo in this case. To make a successful claim under the FDCPA, a plaintiff must show that (1) she has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Flores v. Deutsche Bank Nat. Trust, Co.*, 2010 WL 2719849, at *6 (D. Md. July 7, 2010). Webber alleges that Wells Fargo is her creditor, but creditors are not

FDCPA "debt collectors" and are "'statutorily exempt from liability under the FDCPA.'" *Flores*, 2010 WL 2719849, at *6 (quoting *Scott v. Wells Fargo Home Mortg. Inc.,* 326 F. Supp. 2d 709, 718 (E.D. Va. 2003)).

Count VIII of Plaintiff's Complaint must be **DISMISSED**.

### I.   Counts IX and X – Specific Performance and Breach of Contract

The Ninth Cause of Action for Specific Performance by Promissory or Equitable Estoppel and the Tenth Cause of Action for Breach of Contract are vague, conclusory, and fail to state a claim. These claims lack factual enhancement and merely offer labels, conclusions, and formulaic recitations of elements that fall below the minimum pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the extent that these Causes of Action are premised on alleged misrepresentations that took place in March 2006, they are time barred by the statute of limitations. *See* Md. Code, Cts. & Jud. Proc. Article § 5-101.

Counts IX and X of Plaintiff's Complaint must be **DISMISSED**.

### J.   Count XI – Violation of the Racketeering Influenced Corrupt Organizations Act ("RICO")

The Eleventh Cause of Action alleges violation of the RICO Act, 18 U.S.C. § 1961 *et seq.* To survive a motion to dismiss, a RICO claim must allege "'(1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering.'" *Grant v. Shapiro & Burson, LLP*, 871 F. Supp. 2d 462, 472 (D. Md. 2012) (quoting *Davis v. Wilmington Finance, Inc.*, 2010 WL 1375363, at *3 (D. Md. Mar. 26, 2010)). Webber only offers conclusory and formulaic allegations by quoting directly from the RICO statute. Nor does Webber assert sufficient factual averments in support of their RICO claim, instead merely concluding that "Plaintiff has sufficiently alleged a false debt." (ECF No. 1 at ¶ 162.) Thus, the Eleventh Cause of Action

fails to plausibly allege an enterprise amongst the Defendants or a pattern of racketeering. *See Grant*, 871 F. Supp. 2d at 472-75.   Moreover, a pattern of racketeering requires misconduct directed at persons other than just Webber, which she has failed to allege here. *See id.* at 475.

Count XI of Plaintiff's Complaint must be **DISMISSED**.

### K.  Count XII – Violation of the Fair Credit Reporting Act

Count XII for Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, also fails to state a claim.   Webber fails to identify which of the dozens of sections of FCRA they are suing under.   To the extent that Webber alleges that Wells Fargo failed to reasonably investigate their credit dispute, she must allege that "(1) that he or she notified the consumer reporting agency of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to investigate and modify the inaccurate information." *Ausar-El v. Barclay Bank Delaware*, 2012 WL 3137151, at *3 (D. Md. July 31, 2012).   At no point does Webber allege that the consumer reporting agencies notified Wells Fargo of her dispute or that Wells Fargo failed to investigate.

Moreover, FCRA required Webber to sue within "2 years after the date of discovery by the plaintiff of the violation." *See* 15 U.S.C. § 1681p.   Where Webber alleges that the first violation occurred in October 2012, the Twelfth Cause of Action is time barred.   At the latest, Webber had until 2015 to file a FCRA claim.   This is because the Foreclosure Action was filed in 2013, which Webber participated in, and this did or should have placed her on notice of her purported FCRA claim, if any.

Count XII of Plaintiff's Complaint must be **DISMISSED**.

### L.  Count XIII – Constitutional Violations

Count XIII for Violation of Due Process and Equal Protection fails for several reasons.  Webber only asserts conclusory allegations of age and gender discrimination without factual enhancement, and thus fails to state a plausible claim.  For example, Webber claims that she was given "disparate loan terms" and was "overcharged" for the Property but fails to provide any averments tending to support this allegation.  These claims lack factual enhancement and merely offer labels, conclusions, and formulaic recitations of elements that fall below the minimum pleading standard.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, the Thirteenth Cause of Action appears to be tied to the creation of the Webber's mortgage loan, which occurred in 2005, and the Foreclosure Action, which occurred in 2013.  Both of these events occurred over three years ago.  Generally, the Maryland three-year statute of limitations applies to federal civil rights claims.  *See Jolivet v. Elkins*, 386 F. Supp. 261, 269 (D. Md. 1974).  Therefore, the Thirteenth Cause of Action is time barred on its face, in addition to failing to state a claim.

Count XIII of Plaintiff's Complaint must be **DISMISSED**.

### III.  Dismissal With Prejudice Is Appropriate

"A district court has the discretion to grant a motion to dismiss with or without prejudice."  *Hinks v. Bd. of Educ. of Harford Cty.*, No. CIV. WDQ-09-1672, 2010 WL 5087598, at *2 (D. Md. Dec. 7, 2010).  When a plaintiff's complaint fails to state a claim, he "should generally be given a chance to amend the complaint under Fed. R. Civ. P. 15(a) before the action is dismissed with prejudice."  *Id.*  By contrast, "[d]ismissal with prejudice 'is proper if

there is no set of facts the plaintiff could present to support his or her claim.'" *Melanie Wright, Individually & as the Adm'r of the Estate of Earl Wright Plaintiff, pro se v. Nationstar Mortgage, LLC, et al. Defendants.*, 2016 WL 1077164, at *5 (D. Md. Mar. 18, 2016)

The instant case is at least the fourth lawsuit which plaintiff has filed in or removed to this Court based on the same underlying issues surrounding her foreclosure. *See Webber v. Shapiro Brown & Alt, LLP*, Case No. 1:15-cv-00686-RDB; *Rosenberg v. Webber*, Case No. 1:15-cv-03014-RDB; *Webber v. State of Maryland*, Case No. 1:15-cv-03786-RDB. Plaintiff has also filed numerous actions in the Maryland state courts regarding the same subject matter. As plaintiff has had multiple opportunities to litigate her claims both in this Court and in the state courts, and as plaintiff has failed to demonstrate any basis for relief in any of these cases, this case must be **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the reasons stated above, it is this 10th day of January, 2017 hereby ORDERED that:

1. Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (ECF No. 20) is **GRANTED**;

2. This case is **DISMISSED WITH PREJUDICE**;

3. The Clerk shall **CLOSE THIS CASE**.

_____/s/_____
Richard D. Bennett
United States District Judge

12